**F I L E D**

**UNITED STATES COURT OF APPEALS**

APR 20 2005

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ORLANDO ZAMARRON-PEREZ,
also known as Javier Fernandez, also
known as Enrique Martinez, also
known as Gerardo Martinez, also
known as Juan Carlos Perez,

      Defendant-Appellant.

No. 04-2247
(D.C. No. CR-04-1033 JB)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

      Orlando Zamarron-Perez pled no contest to one count of reentry of a

deported alien previously convicted of an aggravated felony in violation of 8

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

U.S.C. §§ 1326(a) and (b)(2). Based on a total offense level of thirteen and a criminal history category of VI, Mr. Zamarron-Perez's guidelines sentence range was calculated at thirty-three to forty-one months incarceration. The district court sentenced him at the top of that range to a forty-one month term. Mr. Zamarron-Perez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id*. at 744. Pursuant to *Anders*, counsel provided Mr. Zamarron-Perez with a copy of his appellate brief and Mr. Zamarron-Perez filed a *pro se* reply brief raising two issues.

Mr. Zamarron-Perez first complains that he was denied his Sixth Amendment right to effective assistance of counsel. We have held that ineffective assistance of trial counsel claims should be brought in collateral

proceedings, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.* Mr. Zamarron-Perez has failed to show that his claim qualifies as one of those "rare instances" in which we should hear an ineffective counsel challenge on direct review. *Id.*

Mr. Zamarron-Perez also contends his sentence was imposed in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Court severed and excised 18 U.S.C. § 3553(b)(1), which required mandatory application of the guidelines. *Id*. at 756-57, 765. As a result, the guidelines are now advisory in all cases. *Id*. at 757. In addition, the Court expressly stated that its "remedial interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id*. at 769. In determining Mr. Zamarron-Perez's sentence, the district court did not rely upon judge-found facts, but it did apply the then-mandatory federal sentencing guidelines. We must

therefore evaluate Mr. Zamarron-Perez's sentence in light of *Booker*.

Because Mr. Zamarron-Perez did not raise his non-constitutional *Booker* claim in district court, we review for plain error. FED R. CRIM. P. 52(b); *United States v. Gonzalez-Huerta*, No. 04-2045, 2005 WL 807008, at *3 (10th Cir. Apr. 8, 2005) (*en banc*). To establish plain error, Mr. Zamarron-Perez must demonstrate there was (1) error (2) that was plain and (3) affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *Gonzalez-Huerta*, 2005 WL 807008, at *3. If he satisfies his burden of establishing the first three prongs of the plain error test, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 469-70 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *Gonzalez-Huerta*, 2005 WL 807008, at *3.

Mr. Zamarron-Perez easily satisfies the first two prongs of plain error analysis. First, the district court, albeit unknowingly, committed error by applying the guidelines as mandatory in sentencing Mr. Zamarron-Perez. *See Gonzalez-Huerta*, 2005 WL 807008, at *3. Second, the error is now "plain" or "obvious." *Johnson*, 520 U.S. at 468 ("where the law at the time of trial [or sentencing] was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration"). We need

not decide whether Mr. Zamarron-Perez can satisfy his burden under the third prong of plain error analysis "because even assuming [his] substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 632-33; *Johnson*, 520 U.S. at 469-70; *Gonzalez-Huerta*, 2005 WL 807008, at *6 ("We need not determine whether [the defendant] can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

This court "will not notice a non-constitutional error, such as the one in the case before us, unless it is both 'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" *Gonzalez-Huerta*, 2005 WL 807008, at *7 (quoting *United States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997)). After the district court determined that Mr. Zamarron-Perez's applicable guidelines range was thirty-three to forty-one months, it opted to sentence Mr. Zamarron-Perez to a forty-one month term of imprisonment. In other words, the court exercised its discretion and in doing so sentenced Mr. Zamarron-Perez to serve the maximum term of imprisonment it could lawfully impose. As a result, any argument that the district court might have sentenced Mr. Zamarron-Perez differently had it understood it had discretion to do so is simply unpersuasive. Given "there is no record evidence to support a lower sentence, we cannot conclude that [Mr. Zamarron-Perez's] sentence is particularly egregious or a

miscarriage of justice." *Id*. at *8.

Because Mr. Zamarron-Perez has no meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.


                              ENTERED FOR THE COURT

                              Stephanie K. Seymour
                              Circuit Judge